TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000650-KB

DATE 10/9/18 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


CHRISTINA ROSE EDMONDSON                            RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association ("KBA") charged Christina Rose Edmondson[1] in three separate matters, each of which proceeded as a default case under SCR[2] 3.210. Based on its proceedings, the KBA Board of Governors ("Board") found Edmondson guilty in all three cases, and recommended that Edmondson be suspended from the practice of law for two years, with the suspension running consecutive to suspensions that Edmondson is currently serving, and to pay costs of the proceedings pursuant to SCR 3.450. We adopt the Board's recommendations. SCR 3.370(9).

---

[1] Edmondson's KBA Number is 91597. She was admitted to the practice of law on October 9, 2006, and her bar roster address is 1720 Petersburg Road, Suite 102, Hebron, Kentucky 41048.

[2] Kentucky Rules of the Supreme Court.

## I.  Factual Background.

As noted, this matter involves three separate KBA cases or files.  In each case, service of the Complaint was effected by the Kenton County Sheriff's Office.  Service of the Charge in each case was attempted by certified mail and returned as undeliverable.  The Charges were then served by the Kenton County Sheriff's Office on March 14, 2017 (Case 16-DIS-0225 (Eichelberger)) and on April 17, 2017 (Case 16-DIS-0063 (Thompson) and Case 16-DIS-0139 (Hill)).  Edmondson did not file an Answer to any of the Charges.  We address each file in turn.

### A.  *KBA File No. 16-DIS-0063 (Thompson).*

Mary J. Thompson retained Edmondson to represent her in a legal malpractice case against another Kentucky attorney.  Edmondson filed the action in the Carroll Circuit Court and, despite Edmonson's failure to appear at the hearing, obtained a default judgment in the sum of $300,000 against the other attorney.  Thereafter, Ms. Thompson attempted to contact her attorney regarding enforcement of the judgment, but Edmondson did not communicate any further with Ms. Thompson.  In her bar complaint, filed June 10, 2016, Ms. Thompson indicated that she had attempted to contact Edmondson, but the phone number had been changed, and she could not locate Edmondson.

The Inquiry Commission filed a three (3) count Charge against Edmondson alleging violation of the following rules:

Count I:  SCR 3.130-1.4(a)(4) states, "A lawyer shall: . . . promptly comply with reasonable requests for information."

2

Count II: SCR 3.130-1.16(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

Count III: SCR 3.130-8.1(b): "A lawyer in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

### B.     KBA File No. 16-DIS-0139 (Hill).

Ronald Hill had hired the Deters Law Firm to handle a civil action which included counts of breach of contract, fraud, slander, unjust enrichment, negligence and other matters. The firm filed the action in January 2011. Edmondson, who was then working for the Deters firm, entered an appearance in the action in September 2013 by filing a Motion to Set for Trial, apparently in response to a notice to dismiss for lack of prosecution in the case.

In October 2014, the defendants in the civil suit filed a motion for partial summary judgment. Edmondson advised Hill of the motion and her intent to file a motion to stay the summary judgment motion and file an amended complaint to address the concerns raised therein. Edmondson did file a motion to stay the hearing and amend the complaint, however, the motion was improperly noticed for hearing. The court clerk returned the motion to Edmondson advising of the deficiency. Edmondson never corrected or re-noticed the pleading. In November 2014, Edmondson filed a notice of

3

substitution of counsel for herself in place of the Deters firm. Hill indicated that he was unaware of the substitution and did not consent to that action.

After December 2014, Hill was unable to contact Edmondson further. The trial court granted the defendants' motion for partial summary judgment in the civil action. Hill hired new counsel and attempted to have the judgment set aside, but to no avail.

Hill filed his bar complaint against Edmondson in July 2016. Thereafter, the Inquiry Commission filed a four (4) count Charge against Edmonson asserting the following rule violations:

> Count I: SCR 3.130-1.3: "A lawyer shall act with reasonable diligence and promptness in representing a client."
>
> Count II: SCR 3.130-1.4(a)(4) states, "A lawyer shall: . . . promptly comply with reasonable requests for information."
>
> Count III: SCR 3.130-1.16(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the· client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."
>
> Count IV: SCR 3.130-8.1(b): "A lawyer in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for. information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

## C.   *KBA File No. 16-DIS-0225 (Eichelbrenner).*

Robert Eichelbrenner hired Edmondson, then a member of the Deters firm, to handle a child visitation matter. He paid Edmondson $200 to handle the matter and provided all his paperwork relating to the issue. Edmondson

4

never contacted Eichelbrenner again, and he was unable to reach her. No action was taken on his visitation matter. Eichelbrenner filed his complaint with the KBA in September 2016.

Subsequently, the Inquiry Commission filed a four (4) count Charge against Edmonson asserting the following rule violations:

Count I: SCR 3.130-1.3: "A lawyer shall act with reasonable diligence and promptness in representing a client."

Count II: SCR 3.130-1.4(a)(4): "A lawyer shall: . . . promptly comply with reasonable requests for information."

Count Ill: SCR 3.130-1.16(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

Count IV: SCR 3.130-8.1(b): "A lawyer in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

## II.    Conclusions of Law.

After due deliberation, a roll-call vote was taken with respect to each count of each Charge. The Board voted as follows:

### A.    *KBA FILE 16-DIS-0063 (Thompson).*

Guilty on Count I (SCR 3.130-1.4(a)(4)); Count II (SCR 3.130-1.16(d)); and Count III (SCR 3.130-8.1(b)). The votes on all counts were unanimous.

### B.    *KBA FILE 16-DIS-0139 (Hill).*

5

Guilty on Count I (SCR 3.130-1.3); Count II (SCR 3.130-1.4(a)(4)); Count III (SCR 3.130-1.16(d)); and Count IV (SCR 3.130-8.1(b)). The votes on all counts were unanimous.

**C.   *KBA FILE 16-DIS-0225 (Eichelbrenner).***

Guilty on Count I (SCR 3.130-1.3); Count II (SCR 3.130-1.4(a)(4)); Count III (SCR 3.130-1.16(d)); and Count IV (SCR 3.130-8.1(b)). The votes on all counts were unanimous.

### III.   Adoption of Board's Recommendation.

Pursuant to SCR 3.370(9), this Court finds and orders, as follows:

A.   Edmondson is guilty of the violations of the various rules of the Kentucky Supreme Court as set forth above.

B.   Edmondson is hereby suspended from the practice of law for a period of two years, with the suspension to run consecutively to Edmondson's previous suspensions; and

C.   Edmondson shall pay the costs associated with this disciplinary proceeding. The costs of this proceeding, including amounts incurred after the consideration and vote by the Board, as calculated and certified by the Disciplinary Clerk, are $1,100.05. These costs are assessed against, and shall be paid by, Edmondson as required by SCR 3.450.

All sitting. All concur.

ENTERED: SEPTEMBER 27, 2018.

_____
CHIEF JUSTICE

6